UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOSHE CINQUE CANTY,

                       Petitioner,

    -vs-                              **No. 6:13-CV-6232(MAT)**
                                         **DECISION AND ORDER**
DAVID ROCK, Superintendent of
Upstate,

                       Respondent.

---

## I. Introduction

Pro se petitioner Moshe Cinque Canty ("Canty" or "Petitioner"), a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of a prison disciplinary hearing which resulted in the imposition of segregated confinement and the recommended loss of good time credits.

## II. Factual Background and Procedural History

Petitioner is incarcerated pursuant to a November 18, 1999 judgment of the New York State Supreme Court, Kings County, following a jury verdict convicting him of Attempted Murder in the Second Degree and lesser charges. See People v. Canty, 305 A.D.2d 612 (2d Dept. 2003), lv. denied, 100 N.Y.2d 579 (2003). Canty was sentenced to an aggregate prison term of twenty years, to be followed by five years of post-release supervision. Canty does not challenge the constitutionality of these underlying convictions.

The subject of the instant habeas petition is a Tier III prison disciplinary hearing held at Southport Correctional Facility

on January 1, 2010, following which Canty was found guilty of possessing gang-related material, namely, a document entitled "Blood Hound Brim Prison Chapter Structure," which was found in a Bible in Canty's cell. Canty was sentenced to 18 months in the Special Housing Unit, with six months of the sentence suspended and deferred, and twelve months recommended loss of good time credits.

Petitioner appealed the decision, arguing that (1) he was denied his right to be present during a portion of the hearing; (2) he was denied adequate assistance in preparing for the hearing; (3) he was denied his right to call a witness; (4) the hearing officer failed to explain in writing why the witness request was denied; and (5) the punishment was excessive. On March 31, 2010, the determination was affirmed on administrative appeal. SHU Director Norman Bezio denied Petitioner's request for reconsideration on April 14, 2010.

Petitioner filed an action in New York State Supreme Court, Chemung County pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") Article 78, challenging the adverse disciplinary finding. The Article 78 petition was denied on March 10, 2011. On February 9, 2012, the Appellate Division, Third Department affirmed the denial, and on May 3, 2012 the New York Court of Appeals denied leave to appeal. Canty v. Fischer, 92 A.D.3d 1055 (3d Dept.), lv. denied, 19 N.Y.3d 802 (2012).

In his pro se habeas petition dated April 21, 2013, Canty claims that (1) he was denied his right to be present at the hearing; and (2) he was denied his right to call witnesses.

Respondent has moved to dismiss the petition as untimely. Canty has not responded to Respondent's motion to dismiss.

For the reasons discussed below, Respondent's motion to dismiss the petition is granted, and the petition is dismissed as untimely.

**III. Timeliness**

Canty, a prisoner in state custody whose habeas petition challenges an administrative decision by DOCCS, properly brought his petition pursuant to 28 U.S.C. § 2254. See Cook v. New York State Div. of Parole, 321 F.3d 274, 278-79 (2d Cir. 2003) (holding that petition challenging administrative decision revoking state prisoner's parole was an "application . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the applicant] is in custody in violation of the Constitution . . . of the United States[,]" 28 U.S.C. § 2254(a)). A one-year statute of limitations, see 28 U.S.C. § 2244(d)(1), is applicable to habeas petitions brought pursuant to 28 U.S.C. § 2254. In Cook, the Second Circuit applied § 2244(d)(1) to the petition challenging a parole revocation. There is no reason why § 2244 should not apply in Canty's case. See Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir.) ("[W]e have held in numerous cases that § 2254 was the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings, and we adhere to those decisions today.") (citations omitted), cert. denied sub nom. Hanks v. Finfrock, 531 U.S. 1029 (2000).

Respondent argues that Canty's petition is untimely because it was not filed with in the applicable one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1), which provides that a § 2254 petition must be filed no more than one year from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations in § 2244(d)(1) is tolled during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or decision. See 28 U.S.C. § 2244(d)(2).

Turning to the issue of which event supplies the correct start-date, the Court finds that § 2244(d)(1)(A) does not apply because Canty is challenging an administrative decision and not a court-imposed judgment of conviction. See Palmer v. Phillips, No. 05 Civ. 9894(KMW), 2007 WL 60419, at *4 (S.D.N.Y. Jan. 8, 2007) ("The word "final" in § 2244(d)(1)(A) refers to a judgment of

conviction, not to an administrative decision.") (citing Cook, 321 F.3d at 280) (where a prisoner's habeas petition challenges his parole revocation, the statute of limitations runs not from the date of underlying conviction but from the date of final revocation, because the revocation is the "factual predicate" for the petition)). Sections 2244(d)(1)(B) and (C) likewise are inapplicable because Canty is not claiming that some state action impeded him from seeking habeas relief or that there is an issue regarding the retroactive application of a newly recognized constitutional right.

In accordance with other courts in this Circuit, the Court finds that § 2244(d)(1)(D) supplies the correct limitations start-date for a habeas petition a challenging prison disciplinary hearing. E.g., Pitt v. Rabiduea, No. 9:10-CV-1233 GLS/RFT, 2013 WL 4457377, at *2-3 (N.D.N.Y. Aug. 16, 2013). The statutory period thus begins to run on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. (citing Cook, 321 F.3d at 280-81) (holding that "[t]he limitations time therefore did commence at a time set by the statute, when that 'factual predicate [for his] claim . . . could' reasonably have been discovered" and that the "factual predicate" for a petitioner challenging a parole revocation "is the revocation of his parole")).

The "factual predicate" of Canty's habeas petition is the superintendent's decision recommending that good time credits be withheld. E.g., Pitt, 2013 WL 4457377, at *3. That decision became

"discoverable" within the meaning of § 2244(d)(1)(D) on the date that it became administratively final. Id. (citing Cook, 321 F.3d at 280) ("factual predicate" under § 2244(d)(1)(D) was "when Cook was notified that the administrative decision to revoke his parole had become final"); other citation omitted).

Here, Canty was found guilty of possessing gang-related material at the conclusion of the superintendent's hearing on January 27, 2010. He administratively appealed the disciplinary finding, which was affirmed on March 31, 2010. Canty then sought reconsideration of the administrative appeal, and that request was denied on April 14, 2010. At that point, Canty had no further administrative avenues open to him.[1] Thus, under 28 U.S.C. § 2244(d)(1)(D), April 14, 2010 is the relevant start-date for the statute of limitations. See McPherson v. Burge, No. 9:06-CV-1076 (GTS/VEB), 2009 WL 1293342, at *5 (N.D.N.Y. May 5, 2009) (relying on Cook to find that the "factual predicate" of petitioner's claims regarding the revocation of his good time credits "was readily identifiable on the date the administrative decision to revoke his good time credits became final"); see also Pitt, 2013 WL 4457377, at *4 ("[F]or purposes of [§ 2244(d)(1)]'s one-year limitations period, the superintendent's disciplinary decision became final upon Petitioner's receipt of the Commissioner's decision [affirming the decision].").

---

[1] An inmate wishing to challenge an adverse disciplinary decision by the facility superintendent has only one direct administrative remedy available, i.e., an appeal the decision to DOCCS' commissioner, who can modify or overturn the superintendent's decision. See N.Y. COMP. CODES R. & REGS. tit. 7, § 254.8.

Absent any statutory or equitable tolling, the one-year limitations period would have ended on April 14, 2011. However, Canty was entitled to some tolling under 28 U.S.C. § 2244(d)(2) because he sought collateral review of the Commissioner's decision by filing a C.P.L.R. Article 78 petition. See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1285 (2011) (defining "collateral review" in the context of 28 U.S.C. § 2244(d)(2) as "judicial review of a judgment in a proceeding that is not part of direct review"); see also People v. Liden, 19 N.Y.3d 271, 275 (2012) ("The usual way to obtain judicial review of the action of an administrative agency is a proceeding under CPLR article 78. . . .").

The limitations period here ran for 100 days, from April 14, 2010, until July 23, 2010, when Canty filed his Article 78 proceeding. A collateral motion is pending for purposes of Section 2244(d)(2) "from the time it is first filed until the time it's finally disposed of and further appellate review is unavailable under the particular state's procedures." Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009). The limitations period thus was tolled from July 23, 2010, until May 3, 2012, the date that the New York Court of Appeals denied leave to appeal the denial of the Article 78 petition.

The statute of limitations ran again from May 3, 2012, until April 21, 2013, the date Canty commenced this action, for a total of 353 days. As noted above, 100 days elapsed prior to Canty filing his Article 78 proceeding. Thus, the statute of limitations ran for

a total of 453 days (353 days plus 100 days), making his federal habeas petition, filed on April 21, 2013, untimely by 88 days.

In order to obtain review on the merits of his untimely petition, Canty bears the burden of showing that he is entitled to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). There are two elements to a claim of equitable tolling: (1) diligent pursuit by the petitioner of his rights; and (2) an "extraordinary circumstance" which stood in the petitioner's way and prevented him from timely filing. Id.; see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling applies only in "rare and exceptional circumstances" and requires a petitioner to demonstrate that "extraordinary circumstances" prevented him from timely filing and that he "acted with reasonable diligence throughout the period he seeks to toll"). Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Canty did not file a traverse or reply to Respondent's memorandum of law in opposition to the petition and has not claimed that he is entitled to equitable tolling. There is nothing in the record indicate that this is one of those "rare and exceptional" cases where equitable tolling should apply. In particular, there is

no suggestion that any "extraordinary circumstance" "beyond [Canty's] control," Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), prevented him from timely filing his petition. Accordingly, the Court agrees with Respondent that the petition should be dismissed because it is untimely, and Canty has not established entitlement to equitable tolling of the limitations period.

**IV. Conclusion**

For the foregoing reasons, the petition (Dkt #1) for a writ of habeas corpus is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Court hereby certifies that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person. Any further requests for poor person status must be made, on motion, to the Second Circuit. The Clerk of the Court is requested to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   December 13, 2013
         Rochester, New York